Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 4025 | **DATE** | 6/8/2001 |
| **CASE TITLE** | Adams vs. RR Donnelley & Sons | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The reasons set forth on the attached order, the Court finds that the four-year statute of limitations in §1658 governs those claims created by the Civil Rights Act of 1991; the state personal injury statute of limitations, which in Illinois is two years, governs those claims created by the pre-1991 version of §1981. The Court will discuss with the parties at the upcoming status hearing how this determination may affect the various issues pending before the Court, including the scope of the respective classes and Donnelley's pending summary judgment motion.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| ✓ | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JUN 15 2001 date docketed | 107 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | | |
| OR | courtroom deputy's initials | 01 JUN 14 PM 7:05 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN ADAMS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 98 C 4025 |
| | ) | |
| R.R. DONNELLEY & SONS, | ) | |
| a Delaware Corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| ************************************ | ) | |
| EDITH JONES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 96 C 7717 |
| | ) | |
| R.R. DONNELLEY & SONS, | ) | |
| | ) | |
| Defendant. | ) | |

JUN 1 5 2001

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In these consolidated suits, the plaintiffs, current and former African-American employees of R.R. Donnelley & Sons, a printer and provider of information services and logistics, allege employment discrimination in violation of 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a) & 3(a). The Court recently certified three classes of plaintiffs: the first consists of "All African-American employees of R.R. Donnelley who were employed at the Chicago Manufacturing Division and who were discharged during the shutdown of that division and were not transferred to another Donnelley division"; the second consists of "All African-American employees of R.R. Donnelley who were employed at the

Chicago Manufacturing Division at any time from November 1992 to the present as non-regular employees (including temporary, casual, contract, contingent, task force, etc.)"; and the third consists of "All African-American employees of R.R. Donnelley who worked at (a) the Dwight division; (b) the Chicago Financial Division; or (c) the Chicago Manufacturing Division from November 1992 to the present and were subject to racial harassment so pervasive as to create a hostile working environment." *See Adams v. R.R. Donnelley*, Nos. 98 C 4025, 96 C 7717, 2001 WL 336830, at *20 (N.D. Ill. Apr. 6, 2001).

The parties have urged the Court to consider and resolve a single issue–the appropriate statute of limitations to be applied to plaintiffs' claims–arguing that resolution of this issue will in turn govern how the parties proceed on summary judgment and ultimately at trial. As framed by the parties, the question presented is whether the appropriate statute of limitations is the four-year period contained in 28 U.S.C. §1658 (what has been referred to as the federal "catch-all" statute of limitations) or the two-year statute of limitations that governs personal injury actions in Illinois.

## FACTUAL BACKGROUND

This is not the first time the statute of limitations issue has been raised in this case. Before the cases were consolidated, Donnelley moved for partial summary judgment in the *Jones* case on the ground that the claims relating to its Chicago Manufacturing Division and the claims of many of the named plaintiffs were time-barred, filed after the expiration of what Donnelley argued was the applicable statute of limitations: Illinois' two-year personal injury statute of limitations. The plaintiffs opposed the motion, arguing (among other things) that the applicable statute of limitations was the four-year catch-all period contained in §1658. Magistrate Judge Ian

2

Levin concluded that §1658, by its plain language, applied only to Acts of Congress *enacted* after December 1990, not Acts *amended* after December 1990, *Jones v. R.R. Donnelley*, No. 96 C 7717, 1999 WL 33257839, at *9 (N.D. Ill. Feb. 11, 1999); because "[t]he addition of Section 1981(b) was merely an amendment to Section 1981, which occurred after the enactment of Section 1658," Judge Levin reasoned, §1658 did not apply to the plaintiffs' claims. *Id.* Judge Levin therefore recommended that Judge Williams grant Donnelley's motion for partial summary judgment with respect to all claims relating to the operation and shutdown of the CMD and all the named plaintiffs identified and designated by the defendant in its motion. *Id.* at *12.

The plaintiffs objected to the magistrate's report and recommendation, Donnelley responded, and ultimately Judge Williams denied the summary judgment motion, though she did so on non-statute-of-limitations grounds and indeed stated that the Court "expresse[d] no opinion on the correctness of Judge Levin's analysis of . . . the applicability of 28 U.S.C. §1658's four-year statute of limitations to actions brought under 42 U.S.C. §1981(b)." *Jones v. R.R. Donnelley*, No. 96 C 7717, 1999 WL 639180, at *2 (N.D. Ill. Aug. 17, 1999). In short, we are essentially writing on a clean slate on the statute of limitations issue, though, as discussed below, we are hardly the first court to consider the question.

## DISCUSSION

Before 1991, §1981 read as follows:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

3

The statute, as then written, protected just two rights: the right to make contracts, which "extend[ed] only to the formation of a contract, but not to problems that may arise later from the conditions of continuing employment," and the right to enforce contracts, which "embrace[d] protection of a legal process, and of a right of access to legal process, that will address and resolve contract-law claims without regard to race." *Patterson v. McLean Credit Union*, 491 U.S. 164, 176-77 (1989). The Civil Rights Act of 1991, which became law (i.e., was enacted) on November 21, 1991, revised §1981, making the above-quoted language subsection (a) and adding two more subsections: subsection (b), which defined "make and enforce contracts" to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship"; and subsection (c), which made the section applicable to private entities. In other words, the version of §1981 in the 1991 Act created new causes of action that were not cognizable under the pre-1991 version of the statute.

Because §1981 does not contain a statute of limitations, courts considering claims under §1981 for civil rights violations historically have applied the state personal injury statute of limitations, *see Goodman v. Lukens Steel Co.*, 482 U.S. 656 (1987); *Reed v. United Transp. Union*, 488 U.S. 319, 323-24 (1989), which in Illinois is two years, 735 ILCS 5/13-202. The question for the Court is whether this well-settled proposition was altered by Congress' enactment on December 1, 1990 of 28 U.S.C. §1658, the federal "catch-all" statute of limitations. Section 1658 provides that "[e]xcept as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues."

4

Looking at the plain language of §1658, this seems to this Court to be an easy question to answer, though judging by the panoply of ways in which the question has been framed and answered this is apparently a minority view. The Seventh Circuit has yet to address the question of whether §1658 governs claims brought under the 1991 Act; in fact only one circuit court, the Third, has actually considered, analyzed and answered the question. In *Zubi v. AT&T Corp.*, 219 F.3d 220, 225 (3rd Cir. 2000), the court held that §1658 applies "only when Congress establishes a new cause of action without reference to preexisting law...." Thus, because Congress "chose to build upon a statutory text that has existed since 1870," the court held, "Zubi's civil action arises under an Act of Congress enacted before December 1, 1990, and is governed by New Jersey's two-year statute of limitations." *Id.* at 226. The Court cannot imagine how this is possible; in *Patterson*, the United States Supreme Court clearly held that claims such as those asserted by Zubi (discriminatory firing) *did not* arise under the pre-1991 version of §1981. *See Patterson*, 491 U.S. at 177 ("the right to make contracts does not extend, as a matter of either logic or semantics, to conduct by the employer after the contract relation has been established . . . ."). Rather, such claims can be made only by virtue of Congress' 1991 enactment of §1981(b).

The Sixth Circuit has acknowledged that this issue exists, though it has not yet decided whether §1658 actually applies to §1981 claims. In one case, the district court applied Kentucky's personal injury statute of limitations to the plaintiff's §1981 claims without considering §1658, and the Sixth Circuit remanded with instructions to do so. *Young v. Sabbatine*, No. 97-5169, 1998 WL 136559, at *3 (6th Cir. March 19, 1998). On remand, the district court found that §1658 governed the claims, and although the parties tried to argue the issue on appeal, the Sixth Circuit concluded that it lacked jurisdiction to consider the question

5

because the party with standing to do so failed to file a notice of cross-appeal. *Young v. Sabbatine*, No. 99-6336, 2000 WL 1888672, at *2 n.2 (6th Cir. Dec. 19, 2000).

The Tenth Circuit, interestingly, has applied the state's personal injury statute of limitations to §1981 claims without so much as discussing the possibility that §1658 might come into play, *see Reynolds v. School District No. 1, Denver, Colorado*, 69 F.3d 1523 (10th Cir. 1995); *Roberts v. Roadway Express, Inc.*, 149 F.3d 1098 (10th Cir. 1998), which seems odd given that a number of district courts in that circuit *have* considered and resolved the issue–to conflicting ends. *Compare Alexander v. Precision Machining, Inc.*, 990 F. Supp. 1304 (D. Kan. 1997) (holding that §1658 applies to claims arising out of the 1991 Act), *with Mason v. Anadarko Petroleum Corp.*, No. 97-1051, 1998 WL 166562 (D. Kan. 1998); *Lasley v. Hershey Foods Corp.*, 35 F. Supp. 2d 1319 (D. Kan. 1999); and *Hall v. Flightsafety International, Inc.*, 106 F. Supp. 2d 1171 (D. Kan. 2000) (all holding that §1658 does not apply to §1981 claims, even those arising under the 1991 Act). The Tenth Circuit *has* considered §1658's impact in the context of a §1983 claim, however, and concluded that the statute would not apply because the 1996 amendment to §1983–which merely added a right to seek injunctive relief–did not create a cause of action. *See Laurino v. Tate*, 220 F.3d 1213, 1217-18 (10th Cir. 2000). Applying this reasoning to §1981, one would think the Tenth Circuit would conclude that §1658 would apply to claims arising under §1981(b), a post-§1658 enactment that *does* create a cause of action–though this is by no means a foregone conclusion.

In addition to these circuit court cases, there are about twenty-five district court decisions on the issue. A catalogue of these decisions is recounted and summarized in many of the decisions, and we will not reiterate it here. Suffice it to say, the courts have split on the issue:

6

some (the majority) have held that §1658 does not apply to any §1981 claim, whether arising under the Civil Rights Act of 1991 or under the pre-1991 version of the statute, *see, e.g., Coleman v. Shoney's, Inc.*, — F. Supp. 2d —, No. 99-3134, 2001 WL 526673 (W.D. Tenn. March 9, 2001); *Lane v. Ogden Entertainment, Inc.*, 13 F. Supp. 2d 1261, 1269 (M.D. Ala. 1998); *Hall*, 106 F. Supp. 2d 1171; *Hardin v. CNA Insurance Companies*, 103 F. Supp. 2d 1091 (S.D. Ind. 1999); some have held that §1658 applies to all §1981 claims, whether arising under the Civil Rights Act of 1991 or under the pre-1991 version of the statute, *see Rodgers v. Apple South, Inc.*, 35 F. Supp. 2d 974 (W.D. Ky. 1999); *Miller v. Federal Express Corp.*, 56 F. Supp. 2d 955 (W.D. Tenn. 1999); and some have concluded that §1981 claims may be governed by both §1658 and the applicable state personal injury statute of limitations, depending on whether the particular claim arises under the 1991 Act or a pre-1991 version of the Act, *see Alexander*, 990 F. Supp. 1304; *see also MCI Telecommunications Corp. v. Illinois Bell Telephone Co.*, No. 97 C 2225, 1998 WL 156674 (N.D. Ill. March 31, 1998) (same result as applied to the Telecommunications Act of 1996). We think the last holding is the only one true to the language of the statute.

"[J]udicial inquiry into the applicability of [§1658] begins and ends with what [§1658] does say and with what [§1658] does not." *Connecticut National Bank v. Germain*, 503 U.S. 249, 254 (1992). Section 1658 applies to any "civil action arising under an Act of Congress enacted" after December 1, 1990. We see nothing ambiguous in this language, at least as it relates to the claims at issue in this lawsuit. First, although some courts have found otherwise, *see, e.g., Coleman*, 2001 WL 526673, at *4; *Lane*, 13 F.Supp. 2d at 1270; *Davis v. State of California Department of Corrections*, No. S-93-1307DFL GGH, 1996 WL 271001, at *18-*19

7

(E.D. Cal. 1996), we do not think the statute's reference to "an Act of Congress enacted" is susceptible to more than one reasonable interpretation. "Enact" means "to make into law by authoritative act," Black's Law Dictionary 546 (7th ed. 1999); thus every Act of Congress, whether it reflects a never-before considered subject or amends a previously existing statute, is "enacted." *See also Rodgers*, 35 F.Supp. 2d at 976 ("All legislative actions of Congress, regardless of form, become law through an enactment by Congress and approval by the President."). To the extent there could ever be any doubt about whether the Civil Rights Act of 1991 was "an Act of Congress" or whether it was "enacted," the language of the law itself should set the record straight. Congress specifically used both words in the law's preamble:

> An *Act* to amend the Civil Rights Act of 1964 to strengthen and improve Federal civil rights laws, to provide for damages in cases of intentional employment discrimination, to clarify provisions regarding disparate impact actions, and for other purposes.
>
> Be it *enacted* by the Senate and House of Representatives of the United States of America in Congress assembled, . . . Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071 (1991) (emphasis added).

Second, there is no question that "civil action" as used in §1658 means "claim" or "cause of action." *See* David D. Siegal, *The Statute of Limitations in Federal Practice, Including the New 'General' One in Federal Question Cases*, 134 F.R.D. 481, 487 (1991). Finally, there is no question that "arising under" means "stemming from" or "originating in". *See Black's Law Dictionary* 102 (7th ed. 1999).

In short, the meaning of §1658 is quite simple: whenever Congress, after December 1990, passes legislation that creates a new cause of action, the catch-all statute of limitations applies to that cause of action. As applied to §1981, claims that under *Patterson* could be brought under the pre-1991 version of §1981 clearly arise under an Act of Congress that was

enacted prior to §1658's enactment date, and the catch-all statute does not apply to such claims. Claims that *Patterson* said could not be brought under the pre-1991 version of §1981, but which can be made only by virtue of §1981(b), just as clearly arise under the Civil Rights Act of 1991, an Act of Congress enacted after §1658. Section 1658 applies to those claims. Having concluded that the language of the statute is unambiguous, we need not consider the statute's legislative history. *See Germain*, 503 U.S. at 253-54 ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." "When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'") (citations omitted).

The only other district judge in this Circuit who has addressed this issue concluded that §1658 does not apply to any claims under §1981, including claims given life by §1981(b); it relied in part on legislative history that it read as indicating that Congress did not view the Civil Rights Act of 1991 as creating any new causes of action, but rather as "restoring" §1981 to its proper scope following the Supreme Court's decision in *Patterson*. *Hardin*, 103 F. Supp. 2d at 1095. This Court does not agree. First, as indicated above, resort to legislative history is inappropriate where, as here, the language of the statute is unambiguous. But more importantly, whatever label Congress chose to give to its enactment, it was not "restoring" §1981, it was changing it. "It is emphatically the province and duty of the judicial department to say what the law is," *Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 177 (1803), and in *Patterson* the Supreme Court determined not that §1981 should be narrowed despite its original intent, but rather that the statute, as enacted in 1866, was never meant to reach certain forms of conduct. *Patterson,* 491 U.S. at 176-77. When Congress enacted §1981(b), it thus undeniably created new causes of

9

action, whether or not that is how it chose to label what it had done.

A number of courts have noted that our interpretation would result in courts applying two different statutes of limitations for every federal statute enacted prior to December 1, 1990 and amended thereafter to create new types of claims. *See, e.g., Coleman,* 2001 WL 526673, at *5; *Davis,* 1996 WL 271001, at *19. The answer to that is three-fold. First, the Court has not been asked to decide whether §1658 governs every post-1990 legislative amendment; the Court must decide only whether the statute governs the claims raised by these plaintiffs in this lawsuit. Second, courts routinely apply different statutes of limitations to different claims, including different claims made within a single lawsuit. And third, even if applying multiple statutes of limitations is inconvenient, that is what Congress has required, and the courts are not at liberty to second guess an unambiguous statute.

To summarize, the Court finds that 28 U.S.C. §1658 is unambiguous and, by its terms, applies to all claims arising out of the Civil Rights Act of 1991, which was enacted after December 1, 1990, the date on which §1658 was enacted. Section 1658, by its terms, does not apply to claims arising under the pre-1991 version of §1981; these claims continue to be governed by the most analogous state law statute of limitations, here, Illinois' two-year personal injury statute of limitations.

So what does this mean for the parties in this case? It is clear that claims asserted by Class 1 (the wrongful termination/failure to transfer claims) and Class 3 (the hostile work environment claims) arise under the 1991 Act, *see Patterson,* 491 U.S. at 176-77, and are therefore governed by §1658's four-year statute of limitations. The claims asserted by Class 2, however, are not as easily drawn, and the parties are directed to sort out this question amongst

themselves in light of the Court's ruling.

## CONCLUSION

For the reasons explained above, the Court finds that the four-year statute of limitations in §1658 governs those claims created by the Civil Rights Act of 1991; the state personal injury statute of limitations, which in Illinois is two years, governs those claims created by the pre-1991 version of §1981. The Court will discuss with the parties at the upcoming status hearing how this determination may affect the various issues pending before the Court, including the scope of the respective classes and Donnelley's pending summary judgment motion.

Dated: June 8, 2001

MATTHEW F. KENNELLY
United States District Judge

11